## Bernard v. Commonwealth.

(Decided Sept. 24, 1935.)

O. B. BERTRAM for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Hulon Bernard appeals from a judgment convicting him of deserting his infant child, Lewis Bernard, and fixing his punishment at one year's imprisonment.

Appellant's sole defense was that the infant was not his child. The child was born on May 25, 1934, and appellant testified that in the month of August, 1933, he caught his wife, Ozella Bernard, in bed with Hobart McQueary, and there was further evidence that she stated in the presence of appellant and his father that she had had sexual intercourse with McQueary and did not know whether he or her husband was the father of the child, and that on another occasion she stated in the presence of Gertrude Gosser, a relative, that McQueary and not appellant was the father of the child. On the other hand, Ozella Bernard denied the statements attributed to her, and as to the conversation occurring in the presence of appellant and his father she was corroborated by her own father. It does not appear, however, that she denied being in bed with Hobart McQueary. In view of the fact that appellant lived with and had access to his wife until October, 1933, and of the strong presumption arising from the opportunities of access, we are constrained to the view that the question, whether the infant was appellant's child was one for the jury.

Another ground urged for reversal presents a more serious question. During the noon recess on the day of the trial it was announced in the courthouse yard, where many had gathered for the purpose of eating their lunches, that religious services would be held in the courtroom. A few minutes later the crowd assembled in the courtroom and among the number were some who were serving on the jury. One of the pastors in charge of the meeting read a passage from the Scriptures and proceeded to deliver his message to the audience. During the course of his remarks he stated "that sin will

412

cause a man to deny his own child, just as you have witnessed here this morning,'' and ''that condition would not have existed in that home had it not been for sin.'' Neither appellant nor his attorney had any knowledge or received any information of the presence of the jury in the courtroom during the services until after the jury had rendered its verdict. A fair and impartial trial necessarily requires that members of the jury shall try the case according to the law and evidence, and shall not be subjected to any outside pressure or influence. The issue sharply presented was whether the infant was appellant's child. During the solemnity of a religious meeting the minister plainly indicated to the jury that the child was appellant's, and that sin had caused him to deny it. As to the effect of these remarks no extended argument is necessary. It is clear that they could not have failed to have a prejudicial effect on the minds of the jury.

As before stated, the issue sharply presented was whether the infant was appellant's child. It may be that the instruction was not correctly copied, but in view of another trial we deem it proper to say that that issue was not properly submitted by the instruction appearing in the record.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.